# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

December 21, 2021

**VIA ECF**  
Magistrate Judge Steven L. Tiscione  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722

  **Re:** Letter Motion to Compel from Defendant Roach Answers to Plaintiff's November 5, 2021 First Set of Discovery Demands  
     ***Kanmaz v. Roach & Murtha, Attorneys at Law, P.C., et al,*** **2:21-cv-02873-JS-ST**

Dear Judge Steven L. Tiscione:

  The undersigned represents Plaintiff Canan Kanmaz. On May 20, 2021 Plaintiff filed suit alleging violations of the Fair Debt Collection Practices Act and state law claims against the debt collection law firm Roach & Murtha Attorneys at Law, P.C. f/k/a Roach & Murtha, P.C. ("Roach"), and the purchaser of and the servicer for "distressed or doubtful" judgments, debt collectors Gemini Equities, LLC and Aries Capital Partners, Inc., respectively. Defendants Gemini and Aries have defaulted, and on July 30, 2021 the clerk entered certificates of default. On June 30, 2021 Roach has answered.

  In brief, Plaintiff's claims against Roach are as follows. On July 10, 2020, Roach, pursuant to a sewer service judgment, restrained $9,574.81 in Ms. Kanmaz's bank account, all of which was exempt under New York law. Roach immediately served an information subpoena and bank restraint to Ms. Kanmaz's bank but intentionally withhold mailing to correspondence of the same date that would disclose to Ms. Kanmaz that the money in her account was exempt for restraint. Roach then duped Ms. Kanmaz into signing a "conditional release" that allowed Roach to take $6,796.76 from her bank account. When Ms. Kanmaz learned of the deception, she filed an Order to Show Cause to vacate the judgment, which Roach deceptively avoided by misrepresenting to the Court that Roach had filed a satisfaction of judgment prior to the Order to Show Cause, when in fact the satisfaction was filed three days after the Order to Show Cause.

**Procedural history.**

  Plaintiff files this application to compel responses to Plaintiff's November 5, 2021 First Set of Discovery Demands (**Exhibit A**), specifically for an order to provide fully responsive document production and discovery answers by January 4, 2022 so they can be used for the Roach depositions beginning January 4.

  On August 2, 2021, counsel for the parties conferred by phone pursuant to Fed. R. Civ. P. 26(f) on the parties' respective discovery needs. During the August 2 call the parties agreed to exchange initial disclosures by August 30, 2021, and Plaintiff discussed the documents needed to assist in settlement valuation, and asked for their production by the same date. Plaintiff

confirmed the conversation via email the next day, itemizing documents needed. **Exhibit B** (August 3 Email).

Having received no initial disclosures or the requested documents, on September 10, 2021, Plaintiff reiterated her discovery needs with a self-styled "First Set of Discovery" ("September 10 Demands"). Those demands sought, *inter alia*, documents that Plaintiff had sought Roach to provide informally. These September 10 requests are not the subject of this motion to compel as they were served prior to the Initial Conference.

On October 12, 2021, Roach responded to September 10 Demands by serving discovery responses and (unsworn) interrogatory answers coyly and pointedly noting their right to amend, as well as Initial Disclosures and objections and answers to Requests for Admission. **Exhibit C** (without documents). Roach produced only the documents that Plaintiff attached to her FDCPA complaint, and certain telephone recordings, and a single page Amended bank response to an information subpoena in the state court collection lawsuit. On October 15, 2021, Roach supplemented with the production of a one page collection letter.

On October 15, 2021, the parties conferred by phone about discovery. Counsel for Roach stated that his client informed him that the produced documents were "all the documents" that they had. That seemed absurd given both common sense and the document production of Roach in other FDCPA lawsuits brought by the office of counsel for Plaintiff. For example, the documents do not include account notes (which purport to document each step taken by the staff in Roach's in relation to an account), proof when Roach actually sent out or received correspondence, the collection agreement governing the account, just to name a few items. However, Plaintiff offered to have Roach sign an affidavit confirming their representation that this was all the documents they had about Ms. Kanmaz, the putative debt, the putative judgment, and the attempts to collect. Plaintiff circulated such an affidavit to Roach on October 18, 2021 (**Exhibit D**), and never received a response.

On November 2, 2021, the parties participated in an unsuccessful settlement conference followed by an Initial Conference. The undersigned raised with the Court the limited nature of Roach's discovery response and inquired if the previously served discovery demands (and of course their answers) were sufficient for me to move to compel given the discovery was propounded prior to the Initial Conference. The Court indicated that if Plaintiff wanted discovery demands that can be enforced with an order to compel that Plaintiff needed to serve the demands after the Initial Conference.

Accordingly, on November 5, 2021 Plaintiff served a "First Set of Discovery" (the November 5 Demands). (**Exhibit A**)  While some of the November 5 Demands were the same as the September 10 Demands, many were new demands, specifically Requests for Production 5 – 14, Interrogatories 7 – 12, and Requests for Admission 8 and 9.  Of particular importance were the additions of interrogatories # 7 and 8 requiring Roach to identify (under oath) whether he produced all responsive documents, who took steps to search for responsive documents and what steps were taken. This would address Roach's coy and pointed statement that he would amend the production answers. Further, interrogatories 9 – 12 require Roach to state under other, the very specific dates that it in fact placed letters in the mail, received motions, executed documents, and filed documents. This goes to the heart of some of Plaintiff's claims.

Roach's deadline was December 6, 2021 to answer Plaintiff's November 5 Demands. On December 13, 2021, having received no discovery responses, the office of the undersigned

wrote opposing counsel, noted the failure to answer, asked to set up a time to confer on the matter via telephone, and indicated a motion to compel would be filed if the parties could not resolve the matter. **Exhibit E** (December 13 Letter).

On December 15, 2021, the undersigned conferred with counsel for Roach regarding the outstanding discovery demands, and asked when the answers would be served and documents produced, especially since the Roach depositions were set to begin on January 6, 2022. Opposing counsel indicated he would serve answers and documents by 5:00 PM December 20, 2021. The undersigned indicated that if the answers and documents were not served by that day that on December 21, 2021 he would move to compel as the information and documents were needed prior to the January 6 deposition. The undersigned confirmed the conversation a few minutes later via email. **Exhibit F** (December 15 Email).

Despite assurances to the contrary, the undersigned still has not received discovery answers or additional document production. The parties are at a discovery impasse requiring the filing of this application.

**Relief requested.**

As Plaintiff has never received responses to her November 5 demands (**Exhibit A**), Plaintiff now requests an Order compelling full and complete document production and verified interrogatory answers on or before January 4, 2022.[1] The depositions of Roach have previously been set to begin on January 6 and those responses are needed to prepare for the depositions.

Roach has clearly not produced all the documents responsive to the requests.

Respectfully,

/s/

Ahmad Keshavarz

CC: all counsel by ECF.

**CERTIFICATE OF CONFERENCE**

As outlined above, I have attempted to resolve these matters via telephone and in writing without Court involvement, but those efforts have proven unsuccessful, necessitating this application.

Dated: December 21, 2021
Brooklyn, NY
/s/
Ahmad Keshavarz

---

[1] Requests for admission are deemed by operation of Fed. R. Civ. P. 36(a)(3) ( "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.")