CALLAHAN & FUSCO LLC
Attorneys at Law

103 EISENHOWER PARKWAY | SUITE 400
ROSELAND | NEW JERSEY | 07068 | 877-618-9770

Gregory Vinogradsky, Esq. | Associate
103 Eisenhower Parkway, Suite 400
Roseland, New Jersey 07068
877-618-9770 | F: 973-618-9772
gvinogradsky@callahanfusco.com

Roseland, NJ | New York, NY | Buffalo, NY | Philadelphia, PA | Ft. Lauderdale, FL | Tampa, FL

January 26, 2022

**VIA REGULAR MAIL**

The Honorable Steven L. Tiscione, U.S.M.J.
Alfonse M. D'Amato Federal Building
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

  Re:  **Kanmaz, Canan v. Roach & Murtha, P.C., et al**
     Case No.:   2:21-cv-02873
     <u>Our File No.:   STS-025</u>

Dear Judge Tiscione:

  Please accept the instant correspondence as Defendant, Roach & Murtha Attorneys at Law, P.C.'s ("R&M") response to Plaintiff's letter motion dated January 21, 2022, but not filed or received by this office until January 24, 2022.

  Plaintiff's counsel refuses to accept R&M's answers to its Document Requests and Interrogatories. Despite receipt of a certification from R&M clearly stating that a "thorough review of the records of R&M indicates no additional documents exist in R&M's possession, custody, or control with respect to Plaintiff's November 3, 2021, Requests for Production of Documents." *See*, Certification of Timothy Murtha ("Murtha Cert.") dated January 12, 2022, attached hereto as Defendant's **Exhibit A**.

  First, Plaintiff's counsel demands the Notary Log Book for George-Anne Gallo reflecting notarizations from July 1, 2020 to August 31, 2020. R&M disputes the relevancy of this request. In any event, R&M has searched its records and determined that notary logs for these dates do not exist.

  Second, Plaintiff takes issue with R&M's objections to Plaintiff's overly broad, poorly worded, and intrusive Interrogatories. Plaintiff's counsel seems to suggest than any objection to Plaintiff's Interrogatories is violative of Court's rules and this Court's prior orders, which do not bar R&M from asserting legitimate objections to Plaintiff's discovery requests. For example, in Interrogatory No. 8, Plaintiff asks R&M to identify each person, other than your counsel in this case, who undertook efforts to search and produce all documents responsive to the enclosed request Requests for Production, *what steps they took and when*." R&M objected to this Interrogatory because the steps R&M took involved discussions with R&M's attorneys. Furthermore, Plaintiff is already well aware of the persons involved in this action and the production of discovery as they

have issued deposition notices to several of them. Interrogatory No. 9, to the extent it is decipherable, requests the mailing of "the Roach notice to Kanmaz" and information about the post office that handled the mailing. The dated notice has already been produced. R&M does not have a working knowledge of the post office's procedure, but Plaintiff is free to explore this topic in further discovery.

The remaining Interrogatories in Plaintiff's correspondence deal with the order to show cause and the satisfaction of judgment. Plaintiff has been in possession of these documents for some time and its familiar with the facts and circumstances surrounding them. The answers to Plaintiff's Interrogatories are evident on the face of the documents. Plaintiff is capable of reviewing these documents and drawing conclusions or inferences that can be addressed in depositions.

Lastly, R&M responded to Plaintiff's First Requests for Admissions on October 8, 2021, and its Second Requests for Admissions on January 11, 2022. R&M provided answers and objections to Plaintiff's Requests for Admissions to the extent the same were within the scope of the R. 36(a)(1). There is no basis to deem Plaintiff's Requests for Admissions admitted.

In short, R&M has produced all responsive documents and information in its possession relative to Plaintiff's claim and responded to each of Plaintiff's discovery requests appropriately. Plaintiff has never been satisfied with R&M's responses and seemingly insists that R&M must answer Plaintiff's discovery by accepting all of the allegations in Plaintiff's Complaint.

On a motion to compel discovery, "it is incumbent upon the moving party to provide the necessary linkage between the discovery sought and the claims brought and/or defenses asserted in the case. *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.p.A.*, 2009 U.S. Dist. LEXIS 104020, at *2 (E.D.N.Y. Nov. 9, 2009). Plaintiff's counsel never bothers to explain the relevancy of the documents and information they demand. They simply engage in what can only be described as billing exercises and fishing expeditions as evidenced by their latest entry in their letter writing campaign to the Court.

R&M respectfully requests that the relief requested in Plaintiff's letter dated January 21, 2022, be denied in its entirety and that discovery proceed as previously ordered by the Court.

Respectfully submitted,

GREGORY VINOGRADSKY

GV/rm
Enclosures
cc:    Ahmad Kesavarz, Esq.